# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**MADELINE COX ARLEO**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 2060
NEWARK, NJ 07101
973-297-4903

September 14, 2012

Via Regular Mail & Certified Mail/R.R.R.
Gina Levin, pro se
449 Mountainview Avenue, #401
Orange, New Jersey

Andrea S. Glaser, Esq.
Schechner Marcus LLP
155 Morris Avenue, Ste. 203
Springfield, New Jersey 07050

## REPORT & RECOMMENDATION & LETTER ORDER

Re:     **Gina Levin v. Steven Lilien, et al.**
        **Civil Action No. 12-140 (SDW)**

Dear Ms. Levin and Counsel:

Before the Court is the motion of defendants Steven A. Lilien, D.D.S. ("Dr. Lilien") and Essex Oral Surgery Group, P.A. ("Surgery Group") (sometimes collectively "Defendants"), to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1), (Dkt. Entry 8); and the cross-motions of plaintiff Gina Levin ("Plaintiff"):  (1) for leave to amend her complaint, pursuant to Fed. R. Civ. P. 15(a)(2), (Dkt. Entry 13);  and (2) to remand this action to state court.  (Dkt. Entry 18).  The parties oppose each other's motions.  District Judge Wigenton referred Defendants' motion to dismiss and Plaintiff's cross-motion to remand to me for Report and Recommendation.  No oral argument was heard, pursuant to Fed. R. Civ. P. 78.

Having considered the parties' submissions, for good cause shown, and for the reasons set forth herein, this Court hereby **DENIES** Plaintiff's cross-motion to amend the complaint; and recommends that Plaintiff's cross-motion to remand be **DENIED** and that Defendants' motion to dismiss plaintiff's complaint be **GRANTED** for lack of subject matter jurisdiction.

## I.    BACKGROUND

On January 6, 2012, Plaintiff commenced this action against Defendants asserting federal claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346. 2671 et seq.; the Public Health and Welfare Act ("PHWA"); and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); as well as raised state common law claims for medical malpractice and false imprisonment.

In her complaint, Plaintiff alleges the following facts.  On January 7, 2010, Dr. Lilien performed oral surgery on her lower right wisdom tooth at the Surgery Group.  While the surgery was taking place, she verbally withdrew her consent for Dr. Lilien to perform the dental procedure because he had injured her while administering the anesthesia.  According to Plaintiff, Dr. Lilien  ignored her request and instead continued to perform the surgery.  During the procedure, Dr. Lilien applied too much pressure to her jaw causing "a loud cracking noise" and shooting pain in her jaw.  She again attempted to withdrew her consent, but Dr. Lilien continued to remove her tooth.  Plaintiff further alleges that during the procedure, Dr. Lilien broke Plaintiff's cyst but never performed a biopsy.

On May 14, 2012, Defendants filed a motion to dismiss, under Rule 12(b)(1), for lack of subject matter jurisdiction in lieu of filing an answer. On May 24, 2012, Plaintiff opposed Defendants' motion to dismiss and cross-moved to amend her complaint.  In her papers, she clarified that her action is one for battery and fraud based solely on state common law, not an action premised on medical malpractice and false imprisonment.  As such, Plaintiff sought leave to amend her complaint to voluntarily dismiss all of her existing federal and state law claims and instead add new common law claims for "medical" battery, "fraudulent concealment," "constructive fraud," and "patient abandonment.  She also sought leave to add Aetna Insurance Company as a co-defendant, and thus base this Court's jurisdiction on diversity of citizenship, rather than federal question grounds.  On June 13, 2012, without leave of court, Plaintiff filed a sur-reply to Defendants' motion to dismiss.  She also filed a motion requesting, alternatively, that if this Court found diversity jurisdiction lacking, then the Court remand her action to state court.

On September 4, 2012, Defendants filed a supplemental submission, wherein they noted that on August 7, 2012, Plaintiff filed a complaint in the Superior Court of New Jersey. According to Defendants, in her state court complaint, Plaintiff asserts substantially the same claims against the same parties as those raised here in her proposed amended complaint.  In her state court complaint, Plaintiff acknowledges that she erroneously filed the instant action in federal court instead of the Superior Court of New Jersey.  (See Df. 9/4/12 Ltr at Exh. A).

## II.    ANALYSIS

### A.    Cross-Motion To Amend

Under Rule 15(a)(2), other than in situations not presented here, a party may amend its

pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Additionally, the Rule provides that "[t]he court shall freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A general presumption exists in favor of allowing a party to amend its pleadings. The Third Circuit has adopted a liberal approach in applying Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

Leave to amend, however, may be denied for reasons such as: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment. Forman, 371 U.S. at 182; Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1984), cert. denied., 469 U.S. 1122. An amendment to a complaint is considered futile if it would not survive a motion to dismiss under FED. R. CIV. P. 12(b)(6). Johnson v. Samuels, Civ. No. 06-2233, 2007 WL 1575076, *3 (D.N.J. May 30, 2007). Futility, which utilizes a standard similar to that of a motion filed under Rule 12(b)(6), considers whether relief could be granted under any set of facts consistent with the allegations. Curbison v. Lee, Civ. No. 05-5280 (JBS), 2007 U.S. Dist. LEXIS 55873, at *6-7 (D.N.J. Jul. 31, 2007).

Here, Plaintiff moves to withdraw her existing federal and state law claims; add entirely new state law claims for medical battery, fraudulent concealment, constructive fraud, and patient abandonment; and name Aetna as a co- defendant. As such, Plaintiff no longer bases this Court's jurisdiction on federal question grounds. Rather, she asserts that subject matter jurisdiction is based on diversity, claiming Aetna, a Connecticut corporation, is diverse from the Plaintiff, a New Jersey resident.

Defendants oppose the motion to amend based solely on futility grounds arguing that this Court lacks subject matter jurisdiction based on diversity. There is no dispute that Plaintiff and Dr. Lilien are New Jersey citizens. However, although Aetna is a Connecticut corporation, with its principal place of business in Connecticut, Defendants contend that diversity fails, as both Plaintiff and at least one defendant ("Dr. Lilien") are residents of the same state. This Court agrees.

In a diversity action, a district court has subject matter jurisdiction over state law claims, pursuant to 28 U.S.C. § 1332, if each of the plaintiffs is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. See Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d. Cir. 2002). Here, while there is no dispute that Plaintiff resides in New Jersey, and proposed defendant Aetna is a Connecticut corporation, it is also undisputed that Dr. Lilien and the Surgery Group, like Plaintiff, are citizens of New Jersey. Accordingly, this Court finds that complete diversity is lacking.

Furthermore, as she has abandoned her federal claims in her proposed amended

complaint, asserting only state law claims, the Court lacks subject matter jurisdiction based on federal question grounds. In short, as Plaintiff moves to amend her complaint to add Aetna Insurance Company as a co-defendant to establish this Court's jurisdiction, the Court finds that such a motion would be futile. Accordingly, Plaintiff's motion to amend is denied.

**B.      Cross-Motion to Remand**

Recognizing that subject matter jurisdiction is lacking, Plaintiff alternatively moves to remand the case to state court. The Court notes that, while the district court has the discretion to remand a case removed from state court, it may not remand an action originally filed in federal court.[1]  See Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc., 999 F.2d 745, 751 (3d Cir. 1993). See also Hessert Construction, L.L.C. v. Garrison Architects, P.C., Civ. No., 06-5696, 2007 WL 2066355, at * 4 n.5 (D.N.J. Jul. 13, 2007). As Plaintiff originally filed this action here, the Court cannot remand, or otherwise "transfer," the action to state court. Accordingly, the Court recommends that Plaintiff's cross-motion to remand be denied.

Alternatively, Plaintiff requests that, in the interest of justice, the case be remanded to the "appropriate court," pursuant to 28 U.S.C. §1631. If there is a lack of subject matter jurisdiction, § 1631 directs a court in the interest of justice to transfer an action "to any other such court in which the action . . . could have been brought at the time it was filed. . . ."  to cure the deficiency. 28 U.S.C. § 1631.

Section 1631, however, relates only to transfers within the federal court system, and thus is inapplicable here wherein Plaintiff seeks to remand, not transfer, the action. See McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 428-29 (3d Cir. 1983) (both the statutory language and the legislative history demonstrate that §1631 was directed at the federal court system). See also Weaver v. Marine Bank, 683 F.2d 744, 751 (3d Cir. 1982) (no federal statute authorizes transfer of cases from a federal to a state court). Furthermore, notwithstanding Plaintiff's assertions to the contrary, FED. R. CIV. P. 12(h)(3) requires dismissal if at any time the court determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). See also Bradgate Assoc., Inc. v. Fellows, Read & Assoc., Inc., 999 F.2d 745, 751 (3d Cir. 1993) (lack of subject matter jurisdiction terminates a case originally filed in federal court as Rule 12(h)(3) instructs the district court to dismiss an action that does not meet jurisdictional prerequisites). Thus, Plaintiff's request to "transfer" to the "appropriate court" is denied.

---

[1] This Court must satisfy itself that it has subject matter jurisdiction over a case and, if necessary, address the issue sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005). Parties cannot waive a lack of subject matter jurisdiction or confer it upon the Court by consent. Brown v. Philadelphia Housing Auth., 350 F.3d 338, 346 (3d Cir. 2003).

####     C.      Motion To Dismiss

Defendants move to dismiss Plaintiff's original complaint, pursuant to FED. R. CIV. P. 12(b)(1), asserting that the federal statutes on which Plaintiff's claims are based are not applicable, or alternatively, do not provide a private federal remedy.  Additionally, Defendants contend that because plaintiff's common law medical malpractice and false imprisonment claims are state law not federal law claims, there is no federal question presented, pursuant to 28 U.S.C. § 1331.  Accordingly, Defendants contend this Court lacks subject matter jurisdiction.  This Court agrees.

As set forth above, in opposition to the motion to dismiss and in support of her cross-motion to amend, Plaintiff clarifies that she no longer wishes to assert claims under the Federal Tort Claims Act, the PHWA, or HIPAA.  Thus, there is no federal question jurisdiction under § 1331.  Additionally, as previously addressed, diversity jurisdiction cannot lie as complete diversity does not exist between the parties.  Indeed, Plaintiff acknowledges in her related state court complaint that she erroneously filed this action in federal court.  Her action lies only in state law, and thus the Superior Court of New Jersey is the proper court to adjudicate her claims - where she has a parallel action pending.  Accordingly, this Court recommends that Defendants' motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), be granted.

**III.    <u>CONCLUSION</u>**

For the reasons set forth above, this Court **DENIES** Plaintiff's cross-motion to amend the Complaint and recommends that Plaintiff's cross-motion to remand be **DENIED** and Defendants' motion to dismiss the Complaint  for lack of subject matter jurisdiction be **GRANTED**.

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc:     Clerk
        Hon. Susan D. Wigenton, U.S.D.J.
        All Parties
        File